though the transaction is influenced thereby, applies to the representation of an intention by a third party as well as to a representation of defendant's intention.

2. FRAUD, § 5*—*when knowledge of falsity of representation essential.* In an action for deceit, the evidence must show that the representation alleged to be false was in fact false; if false, that it was known to be false by the person making it.

3. FRAUD, § 115*—*when evidence insufficient to show actionable misrepresentation.* In an action of deceit against the surviving partners of a firm, evidence examined and *held* insufficient to show actionable misrepresentation by the firm relied on by plaintiffs, which was the inducing cause of the loss sustained.

————

**Mary Bernd, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 21,344.   (Not to be reported in full.)**

Appeal from the Superior Court·of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the March term, 1915. Reversed with finding of fact. Opinion filed January 3, 1916.

### Statement of the Case.

Action by Mary Bernd, plaintiff, against the City of Chicago, defendant, for personal injuries. From a judgment of $1,875, for plaintiff, defendant appeals.

The evidence showed that plaintiff and her son were walking north on Sheffield avenue, plaintiff on the left or west side of her son, when she suddenly fell. The only witnesses who had any personal knowledge of the accident were plaintiff and her son, then about sixteen years old. She was asked where she walked, and answered: "I can't tell, was it really on the sidewalk or next to the sidewalk—it was on the sidewalk I fell because it was like the sidewalk, just as straight

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as the sidewalk, as even.'' She further testified in answer to the question of her own counsel: ''Q. Which part of the sidewalk were you walking on? A. On the outside, the outer edge.'' She further testified that her foot caught against something and she fell; that she did not know what her foot caught against. Her son testified that he was walking on the east side of his mother; that there were some people west of her; that he was on the sidewalk and so far as he knew his mother was on the sidewalk; that he noticed that there was a pipe or brick or something protruding from the ground; that he went back two days later and saw a mushroom pipe west of the sidewalk; that plaintiff fell in front of number 2249 Sheffield avenue; that there was snow here and there and a little ice on the street here and there. He further testified that number 2249 was a double house. The evidence showed no defect in the sidewalk, and that west of and near the sidewalk was an iron pipe, a mushroom-shaped pipe or cover, intended for use as a shut-off box for water pipes leading to the adjoining house.

The first count of the declaration alleged that plaintiff fell as she was walking on the sidewalk because of its dangerous condition. The second, that plaintiff was passing upon said sidewalk and fell because of the dangerous condition of the sidewalk and space. used by pedestrians. The third, that the defendant had negligently used and permitted a certain public street, viz., Sheffield avenue, to be out of repair with dangerous pieces of iron pipe extending six inches above the ground, and that as plaintiff was passing along and upon said sidewalk and space she fell because of such dangerous condition of the sidewalk and street and the space between. The fourth count alleged that defendant had negligently kept a certain sidewalk and space in a dangerous condition with pipes extending to a dangerous height and with a dangerous depression, and while plaintiff was passing along and upon

said sidewalk, street and space, she struck against said pipe and obstruction and into said depression and fell, etc.

John W. Beckwith, N. L. Piotrowski and David R. Levy, for appellant.

Oscar C. Miller, for appellee.

Mr. Justice Baker delivered the opinion of the court.

### Abstract of the Decision.

Municipal corporations, § 1098*—when evidence insufficient to show injuries caused pedestrian by negligence of city. In an action against a city to recover for personal injuries alleged to have been caused by a defect in the sidewalk, negligently permitted to be there by defendant city, evidence examined and held insufficient to show that the plaintiff's injuries were caused by defendant's negligence.

---

### In re Estate of Charles Spohr, Deceased.
### On Appeal of Julia E. Spohr, Appellant, v. Adolph L. Kraus, Executor, Appellee.

#### Gen. No. 21,373.

1. Husband and wife, § 223*—when recital in decree not part of contract. The recital in a decree for separate maintenance that the wife is thereby barred of dower does not constitute such recital a part of a contract entered into between the husband and wife before the entry of such decree for the conveyance of certain property to the wife.

2. Husband and wife, § 255*—what extent of jurisdiction to decree separate maintenance. A court of chancery has no power to decree separate maintenance independently of the authority conferred by statute.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.